KEVIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Magistrate No. 20-2299 |
| | ) | |
| KEVIN TYRONE CLAY JR | ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Marc Wilner, being duly sworn according to law, depose and state as follows:

**INTRODUCTION**

1. Your Affiant is a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Philadelphia Field Division, Pittsburgh Office, Firearms Trafficking Group, having been so employed since 2015. In that capacity, your Affiant is an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. Prior to my employment with the ATF, I was employed as a Probation Officer with the Allegheny County Court of Common Pleas from 2008 to 2015. For over six (6) years, I served with the High Impact Unit of the Probation Office. This specialized unit dealt with probationers and parolees who had a high risk of recidivism, such as drug dealers, violent offenders and gang members. I worked closely with the Pittsburgh Police Intelligence Unit (who tracked the gang active within the city of Pittsburgh) and the Allegheny County Sheriff's Office Fugitive Unit. I participated in numerous searches during my time with the Probation Office and many of those searches resulted in the seizure of guns and drugs.

3. Upon joining the ATF in 2015, I received extensive training at the Department of Homeland Security Criminal Investigative Training Program and the ATF Special Agent Basic Training at the Federal Law Enforcement Training Center. This training lasted for over six (6) months and covered topics including federal criminal statutes, interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics, undercover techniques, search warrant applications, and various other investigative techniques.

4. As a Special Agent with the ATF, I have experience and am responsible for investigating violations of federal firearms and drug laws. In the course of my training and experience, I have become familiar with the methods and techniques associated with the possession and distribution of firearms and drugs, and the organization of firearms and drug conspiracies. In the course of conducting these investigations, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses, conducting physical surveillance, consensual monitoring and recording of both telephonic and non-telephonic communications, conducting court-authorized wire and oral interception electronic surveillance, and preparing and executing search warrants which have led to substantial seizures of narcotics, firearms, contraband, and evidence of criminal activity.

5. Your Affiant has personally participated in the investigation described herein. In addition, your Affiant has reviewed information obtained from law enforcement and commercial databases, and has discussed this case with, and reviewed the reports of, other law enforcement officers who have been involved in this investigation or who have investigated the subjects of this investigation and their associates in the past.

6. As an Agent with the ATF, your Affiant knows that Title 21, United States Code, Section 841(a)(1) prohibits the possession with intent to distribute a controlled substance,

including fentanyl, a Schedule II controlled substance; that Title 18, United States Code, Section 924(c)(1)(A)(i) prohibits the possession of firearm(s) in furtherance of any drug trafficking crime, including a violation of Title 21, United States Code, Section 841(a)(1); and that Title 18, United States Code, Section 922(g)(1) prohibits the possession of a firearm by a convicted felon.

7. This Affidavit is submitted in support of a criminal complaint for Kevin Tyrone CLAY, Jr. (hereinafter, "CLAY") for violations of Title 21 United States Code. §§ 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Section 924(c)(1)(A)(i); and Title 18, United States Code, Section 922(g)(1).

8. Because this Affidavit is being submitted for the limited purpose of supporting probable cause to arrest as stated herein, I have not included each and every fact known to me concerning this investigation.

## FACTUAL BACKGROUND

9. On November 12, 2020, United States Magistrate Judge Maureen Kelly authorized search warrants for the following target locations: the residence located at 834 North Atlantic Drive, Pittsburgh, PA 15224; a grey in color Lincoln vehicle, bearing PA Registration Plate LKY8905; and the person of Kevin CLAY Jr. (See Magistrate Nos. 20-2287, 20-2288, and 20-2289).

10. On the morning of November 16, 2020, your Affiant and other law enforcement officers executed the above-mentioned search warrants.

11. Your Affiant submits that CLAY resides at and/or utilizes the residence at 834 North Atlantic Ave, Pittsburgh, PA 15224, as well as the grey in color Lincoln vehicle described above. Your Affiant bases this belief, at least in part, on the following: during the month of November 2020, investigators conducted surveillance at 834 North Atlantic on multiple occasions. During one surveillance session on November 10, 2020, investigators observed CLAY exit 834

North Atlantic Ave and enter the grey in color Lincoln vehicle. During another surveillance on November 6, 2020, at approximately 8:20 a.m., CLAY was observed exiting the front door of 834 North Atlantic and walking toward the driver's side of the grey in color Lincoln vehicle. Additionally, Your Affiant obtained a warrant that was signed by United States Chief Magistrate Judge Cynthia Reed Eddy at Magistrate No. 20-2223 on November 3, 2020 directing the disclosure of prospective GPS/E911 location data relating to CLAY's phone.  The Ping data placed CLAY at 834 North Atlantic approximately 679 times between November 4th and November 16th, 2020.

        12.      Upon entry into the residence at 834 North Atlantic Ave on November 16, 2020 pursuant to the search warrant, CLAY was located on the stairs going from the first floor to the second floor.  CLAY made multiple spontaneous utterances in front of law enforcement stating that anything located in this house was in fact his and his girlfriend had nothing to do with any crimes.

        13.      In the residence, law enforcement located the following:

        a. Multiple pieces of indicia in the name of Kevin CLAY, including a PNC Bank Statement located in the master bedroom, where narcotics, narcotics packaging materials, ammunition, firearm components and multiple firearms were located;

        b. Three (3) cellular phones;

        c. Approximately 48 grams of suspected fentanyl;

        d. Narcotics packaging material (i.e.: digital scale, inositol, stampers, empty stamp bags);

        e. Glock, model: 20, 10mm, SN: XBU556;

        f. Ruger, Mode: AR556, SN: 85805265;

      g. Springfield, Model: XD10, 10mm, SN: AT226662;

      h. Springfield, Model: XD10, 10mm, SN: AT224081;

      i. Glock, Model: 26, 9mm, SN: BFGK781; and

      j. Assorted firearm magazines and ammunition.

14. CLAY admitted to your Affiant that he was unemployed. CLAY further stated that he planned to sell the items to make a profit. This statement was made after your CLAY was advised of his Miranda rights and expressed an understanding of those rights.

15. The suspected fentanyl was field tested and confirmed positive for fentanyl.

16. Through your Affiant's training and experience, and through consultation with other law enforcement officers, I believe that CLAY possessed the above-mentioned suspected fentanyl with the intent to distribute rather than for personal use based on the quantity, presence of packaging materials, and statement by CLAY.

17. Furthermore, I am aware from my training and experience, and through my consultation with other law enforcement officers, that firearms are considered "tools of the trade" for narcotics dealers. I am aware that heroin/fentanyl dealers commonly possess firearm(s) in order to protect their product (i.e., the narcotics), the proceeds from the distribution of narcotics, and their person. Based on my training and experience and the facts and circumstances set forth herein, I believe that CLAY possessed the firearms described above in furtherance of a drug trafficking crime, namely possession with intent to distribute approximately 48 grams of suspected fentanyl.

18. Your Affiant reviewed CLAY's criminal history which revealed the following convictions:

      a. On January 16, 2014, in the Allegheny County Court of Commons

       Pleas, CLAY pled guilty to one count of Manufacture, Delivery or Possession With Intent to Deliver Narcotics and was sentenced to two years of probation at CC201400500;

  b. On January 16, 2014, in the Allegheny County Court of Commons Pleas, CLAY pled guilty to one count of Manufacture, Delivery or Possession With Intent to Deliver Narcotics and was sentenced to two years of probation at CC201400498.

19. Your Affiant knows that both of CLAY's criminal convictions are felony convictions that prohibit him from lawfully possessing a firearm and/or ammunition under federal law. Your Affiant has confirmed with a Bureau of Alcohol, Tobacco, Firearms and Explosives Nexus Expert that the above-mentioned firearm traveled in interstate commerce.

20. WHEREFORE, based on the foregoing, your Affiant respectfully submits that there is probable cause to conclude that Kevin CLAY possessed with intent to distribute a quantity of fentanyl, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C); possessed a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and possessed a firearm while prohibited from doing so, in violation of Title 18, United States Code, Section 922(g)(1), and that the foregoing demonstrates probable cause for the issuance of a criminal complaint.

    The above information is true and correct to the best of my knowledge, information, and belief.

/s/ *Marc R. Wilner*
Marc R. Wilner, Special Agent,
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this <u>16th</u> day of November 2020.

_____
HONORABLE MAUREEN P. KELLY
United States Magistrate Judge